MEMORANDUM **
Joanne Stevens appeals pro se from the district court’s summary judgment for the government in an interpleader action brought by Vestin Fund II. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 982 (9th Cir.1999). We review for an abuse of discretion the denial of a motion to set aside an entry of default. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir.2004). We affirm.
The district court properly granted summary judgment for the government because the undisputed facts established that the government was entitled to the inter-pleader fund. See Hughes v. United States, 953 F.2d 531, 540 (9th Cir.1992) (explaining that Certificates of Assessments and Payments are “probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that ... assessments were properly made”); see also Drye v. United States, 528 U.S. 49, 55 n. 2, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999) (noting that tax liens arise at the time of the assessment *575 and remain in effect until the liability is satisfied).
The district court did not abuse its discretion by denying Stevens’s motion to set aside the entry of default because the record indicates that her culpable conduct led to the default and she failed to present specific facts that would constitute a meritorious claim to the fund. See Fed. R.Civ.P. 55(c) (“The court may set aside an entry of default for good cause.”); Franchise Holding II, 375 F.3d at 925-26 (outlining factors to consider in determining “good cause” under Rule 55(c)).
Stevens’s remaining contentions are unpersuasive.
Stevens’s request for judicial notice is denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.